### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| AMERICAN SERLEEP INC. | Civil Action No.: |
|     Plaintiff, | Judge: |
| v. | **DECLARATORY JUDGMENT COMPLAINT** |
| PURPLE INNOVATION, INC. and PURPLE INNOVATION, LLC., | |
| | **DEMAND FOR JURY TRIAL** |
|     Defendants. | |

For their Complaint against Defendants Purple Innovation, Inc. and Purple Innovation, LLC (collectively, "*Defendants*"), Plaintiff AMERICAN SERLEEP INC. ("*Plaintiff*") hereby state as follows:

## I.     INTRODUCTION

1. This is a straightforward action for declaratory judgment of non-infringement under the Lanham Act, 15 U.S.C. § 1125(a). More specifically, on information and belief, Defendants falsely notified at least one of Plaintiff's customers that certain mattresses sold by Plaintiff were infringing Defendants' trademark rights. Plaintiff now seeks a declaratory judgment of non-infringement in order to clarify the parties' respective rights so that Plaintiff can continue conducting its lawful business.

## II.     THE PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a Washington State corporation having a mailing address of 15335 Fairfield Ranch Rd., Ste 200, Chino Hills, CA, 91709, U.S.A.

3. Plaintiff is also registered to transact business in South Carolina as shown in the printout attached hereto as **Exhibit A**.

4. Upon information and belief, Defendant Purple Innovation, Inc. is a Delaware corporation having a mailing address of 4100 N. Chapel Ridge Road, Ste. 200, Lehi, UT, 84043 U.S.A.

5. Upon information and belief, Defendant Purple Innovation, LLC is a Delaware limited liability company having a mailing address of 4100 N. Chapel Ridge Road, Ste. 200, Lehi, UT, 84043 U.S.A.

6. This action arises under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202) and the Lanham Act (15 U.S.C. § 1119).

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and the Lanham Act, 15 U.S.C. §1114 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) as this matter involves claims of trademark infringement and related disputes under federal law.

8. An actual controversy exists between the parties to this action. Defendants made trademark infringement allegations to Home Depot, resulting in the potential removal of Plaintiff's products from Home Depot's sales channels. These actions have the potential to cause significant financial harm to Plaintiff in South Carolina and elsewhere, giving rise to a controversy under 28 U.S.C. §§2201 et seq.

9. This Court has personal jurisdiction over Defendants as they have purposefully directed activities toward this judicial district. Defendants targeted Plaintiff, a corporation with substantial operations in this district, by asserting trademark infringement claims that interfere with Plaintiff's lawful business activities.

10. Defendants also engage in commerce, including advertising, marketing, distribution, and sale of goods bearing the disputed trademarks, within South Carolina, thereby establishing sufficient contacts to render the exercise of jurisdiction reasonable and proper.

11. For example, as of January 10, 2025, Plaintiff's website indicates that it sells products through at least 49 different mattress stores in South Carolina.[1]

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

13. For example: (a) Plaintiff conducts its business operations, including the sale and distribution of the allegedly infringing products, within this district; (b) Plaintiff is registered to transact business in South Carolina; and (c) Defendants' actions, including their assertion of trademark rights against Plaintiff, have the potential to cause harm to Plaintiff's business relationships and operations within this district.

14. Defendants directly target business activities toward consumers in South Carolina by operating e-commerce platforms that offer goods to South Carolina residents and by asserting trademark claims that harm Plaintiff's business in this district. Defendants' campaigns against Plaintiff's products jeopardize Plaintiff's business activities in South Carolina, justifying venue in this judicial district.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred, and/or are continuing to occur, in this District, and Defendants are subject to personal jurisdiction in this District.

### III.  FACTUAL BACKGROUND

**A.  PLAINTIFF'S MATTRESS SALES**

---

[1] *See* https://stores.purple.com.prod.rioseo.com/sc/.

16. Plaintiff is a manufacturer and retailer of various home goods including armchairs, couches, beds, and mattresses which it sells under its SERLEEP® house mark.

17. Plaintiff also markets its SERLEEP® brand product using a number of sub-brands including SERWEET®, KESCAS® and SERSPER®.

18. Since at least as early as June of 2020, Plaintiff has sold certain SERLEEP® mattresses under its SERSPER® brand which include certain plum-colored elements.

19. For example, the image below shows a photograph of a SERSPER® brand mattress which includes plum-colored elements.



(collectively, the mattresses made by Plaintiff having such plum-colored elements are referred to herein as the "*Plum Mattresses*").

20. Plaintiff's mattresses are packed and shipped in plain cardboard boxes as shown below:





5



B.   **DEFENDANT'S PRE-SUIT ALLEGATIONS**

21.   On information and belief, Defendant Purple Innovation, Inc. is the parent company of Defendant Purple Innovation, LLC.

22.   On July 24, 2024, Plaintiff received correspondence from the in-house intellectual property counsel for The Home Depot. A true and correct copy of the relevant excerpt from this correspondence is attached hereto as **Exhibit B**.

23.   In this correspondence, Plaintiff was informed that Home Depot was:

contacted by Purple Innovation, Inc, maker of the PURPLE brand of mattresses and other sleep products. They own trademark registrations for the color purple for mattresses and seat cushions (U.S. Trademark Reg. Nos. 5352289 and 5466468). They claim that American Serleep Inc. use of the color purple for several of its SERSPER brand products infringes on Purple's rights….

24.   Critically, however, Plaintiff has not infringed any valid trademark rights owned by Defendants including, without limitation, any rights embodied in U.S. Trademark Reg. Nos. 5,352,289 (the "*'289 Registration*") or 5,466,468 (the "*'468 Registration*") (collectively, the "*Asserted Registrations*"), *i.e.*, the two registrations which Defendants asserted had been infringed in their communication with Home Depot.

6

25. On information and belief, Defendant Purple Innovation, LLC owns the '289 Registration for the trade dress shown below (the "*Packaging Trade Dress*") covering "mattresses" in International Class 020:



(a copy of the registration certificate for the '289 Registration is attached hereto as **Exhibit C**).

26. As noted in **Exhibit C**, the registered trade dress is described as follows:

The mark consists of the color purple applied to the surface of the packaging and internal portions of the goods in the nature of mattresses. The matter shown in broken or dotted lines is not part of the mark and serves only to show the position or placement of the mark on the packaging and surface of the goods.

27. The '289 Registration issued on the Supplemental Register.

28. As a supplemental registration, the '289 Registration does not include a presumption that the Asserted Trade Dress has acquired distinctiveness.

29. On information and belief, Defendant Purple Innovation, LLC previously owned the '468 Registration for the trade dress shown below (the "*Seat Cushion Trade Dress*") covering "seat cushions" in International Class 020:



(a copy of the registration certificate for the '468 Registration is attached hereto as **Exhibit D**).

7

30.     As noted in **Exhibit D**, the registered trade dress was described as follows:

The mark consists of the color purple applied to the surface of the goods in the nature of seat cushions. The matter shown in broken or dotted lines in the nature of the configuration of the goods in not part of the mark and serves only to show the position or placement of the mark.

31.     The '468 Registration was cancelled on November 22, 2024 for failure to timely file a renewal as shown, for example, in the U.S. Patent and Trademark Office's Trademark Status and Document Retrieval ("*TSDR*") database printout attached hereto as **Exhibit E**.

32.     Moreover, while it was active, the '468 Registration was only registered on the Supplemental Register.

33.     As a supplemental registration, the former '468 Registration did not include a presumption that the Asserted Trade Dress had acquired distinctiveness.

## COUNT I
### Declaratory Judgment of No Trademark Infringement
### (28 U.S.C. §§ 2201 and 2202)

34.     Plaintiff restates the allegations in Paragraphs 1 through 26 above as if fully-restated herein.

35.     Plaintiff does not infringe the Packaging Trade Dress (nor has it in the past).

36.     For example, Plaintiff does not apply the color purple "to the surface of the packaging" in connection with mattresses as recited in the '289 Registration.

37.     Plaintiff also does not infringe the Seat Cushion Trade Dress (nor has it in the past).

38.     For example, Plaintiff does not infringe the Seat Cushion Trade Dress since Plaintiff does not manufacture purple seat cushions.

39.     As a result of Defendants' acts described herein, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff

has not infringed and is not infringing Defendants' alleged trademark rights including, without limitation, any rights embodied or formerly embodied in the Asserted Registrations.

40. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue selling its Plum Mattresses.

41. In particular, Defendants' false claims of trademark infringement have caused reputational harm to Plaintiff's business relationships including, without limitation, it's relationship with The Home Depot.

42. If Defendants continue raising complaints against Plaintiff, then Plaintiff will sustain irreparable harm.

43. Plaintiff is entitled to a declaratory judgment that its sale of the Plum Mattresses does not infringe, either directly or indirectly, any trademark rights of Defendants under 15 U.S.C. § 1114(1) and/or 15 U.S.C. § 1125(a).

44. Plaintiff is entitled to, among other relief, preliminary and permanent injunctive relief enjoining Defendants from alleging, representing, or otherwise stating that Plaintiff's sale of the Plum Mattresses infringes Defendants' trademark rights including, without limitation, any rights embodied in the Asserted Registrations.

45. Additionally, Plaintiff is entitled to a Mandatory Injunction requiring Defendants to withdraw their objections to Plaintiff's sale of the Plum Mattresses submitted to third parties such as the Home Depot.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark right of any Defendant under 15 U.S.C. § 1114(1) and/or 15 U.S.C. § 1125(a);

B. Granting an injunction, preliminary and permanently restraining and enjoining the Defendants, and their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from alleging, representing, or otherwise stating that Plaintiff's sale of the Plum Mattresses infringes Defendant's trademark rights;

C. Granting a preliminary mandatory injunction and a permanent mandatory injunction in favor of Plaintiff and against Defendants: ordering Defendants to immediately and without delay retract any and all infringement notices filed by Defendants with the Home Depot (and other any third parties) asserting infringement of Defendants' alleged trademark rights including, without limitation, any rights which are the subject of the Asserted Registrations;

D. Awarding Plaintiff all fees, expenses, and costs associated with this action; and

E. Awarding Plaintiff any such other relief as the Court deems appropriate.

Dated: January 13, 2025                             Respectfully submitted,

*/s/ Houston Bragg*_____
Houston Bragg (SC Bar # 104494)
Dinsmore & Shohl LLP
100 West Main Street, Suite 900
Lexington, KY 40507
(859) 244-7120
houston.bragg@dinsmore.com

&

Luca Hickman (pending PHV admission)
Dinsmore & Shohl LLP
201 North Franklin Street, Suite 3050
Tampa, FL 33602
(813) 543-9835
luca.hickman@dinsmore.com

&

Tao Liu (pending PHV admission)
Dandan Pan (pending PHV admission)
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5054
Tao.liu@galcier.law
Dandan.pan@glacier.law

11