# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| American Serleep, Inc., | Case No. 2:25-cv-00248-RMG |
|     Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Purple Innovation, Inc. and Purple Innovation, LLC, | |
|     Defendants. | |

Before the Court is Defendants' motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue. (Dkt. No. 11). Plaintiffs oppose Defendants' motion. (Dkt. No. 15). Defendants replied. (Dkt. No. 24). For the reasons set forth below, the Court grants Defendants' motion.

## I. Background

Plaintiff American Serleep, a "manufacturer and retailer of various home goods including armchairs, couches, beds, and mattresses which it sells under its SERLEEP house mark" seeks a declaratory judgment of non-infringement from this Court pursuant to the Lanham Act. (Dkt. No. 1, ¶ 16). Plaintiff claims that Defendants falsely notified The Home Depot that Plaintiff's mattress products listed on the company's website infringe on Defendants' trademark. (*Id.*, ¶¶ 22-23). Plaintiff argues that these allegations "have the potential to cause significant financial harm to Plaintiff in South Carolina and elsewhere" resulting from "the potential removal of Plaintiff's products from Home Depot's sales channels." (*Id.*, ¶ 8).

Defendants move to dismiss Plaintiff's complaint on jurisdictional grounds, explaining that they are incorporated in Delaware, maintain their principal place of business in Utah and have very limited contacts with South Carolina. (Dkt. No. 11-1). They further contend that this Court cannot

exercise specific personal jurisdiction over them based on "the mere nationwide availability of Purple's products." (Dkt. No. 11 at 3).

The motions are ripe and ready for this Court's review.

## II. Legal Standard

### A. Personal Jurisdiction

When a defendant challenges the court's personal jurisdiction under Fed. R. Civ. P. 12(b)(2), plaintiff has "the burden of proving" that jurisdiction exists "by a preponderance of the evidence." *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). "[W]hen [as here]...a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt at trial of evidence relevant to the jurisdictional issue, but rather relies on the complaint and affidavits alone, 'the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Id.*; *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (noting that a plaintiff need only make a prima facie showing of jurisdiction when the court does not conduct an evidentiary hearing). In deciding whether plaintiff has met this burden, the court construes all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, Inc., 334 F.3d 390, 396 (4th Cir. 2003); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).

A federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment. *ESAB Grp., Inc. v. Zurich Ins. PLC,* 685 F.3d 376, 391 (4th Cir. 2012). South Carolina's long arm statute provides as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: (1) transacting any business in this State; (2) contracting to supply services or things in the State; (3) commission of a tortious act in whole or in part in this State; (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; (5) having an interest in, using, or possessing real property in this State; (6) contracting to insure any person, property, or risk located within this State at the time of contracting; (7) entry into a contract to be performed in whole or in part by either party in this State; or (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803 (2005). "South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause." *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). Therefore, the appropriate question for the court in considering a personal jurisdiction defense raised by a foreign defendant is whether that defendant has "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum state, such that to require

3

the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice.")).

Personal jurisdiction may arise through specific jurisdiction or through general jurisdiction. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). Under specific jurisdiction, a defendant may be sued in this court if the litigation results from alleged injuries that arose out of or related to their contacts with South Carolina and those contacts were sufficient. *E.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). To determine whether specific jurisdiction exists, courts should examine "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc.*, 293 F.3d at 712 (citation omitted). "Failure to satisfy any of the three prongs is fatal to a court's ability to exercise specific jurisdiction." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 405 (D.S.C. 2012) (citation omitted).

### B. Improper Venue

Under Rule 12(b)(3), a defendant may move to dismiss an action as brought in an improper venue. On such a motion, the plaintiff "bears the burden of establishing that venue is proper." *Butler v. Ford Motor Co.*, 724 F. Supp. 2d 575, 586 (D.S.C. 2010). But the plaintiff need "make only a prima facie showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365-66 (4th Cir. 2012) (citation omitted). Courts must view the facts in the light most favorable to the plaintiff when determining whether plaintiff has made a prima facie showing of proper venue. *Id.*

Pursuant to 28 U.S.C. § 1406(a), if a party brings an action in the wrong district or division, the district court must dismiss the case, or transfer the case to the "district or division in which it could have been brought." In addition, § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

### III.  Discussion

Plaintiff does not argue that this Court may exercise general personal jurisdiction over Defendants, which would require Defendants' "affiliations with [South Carolina] are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 159 n.11 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). (*See* Dkt. No. 15 at 6) ("Serleep is not currently arguing that Purple is subject to all-purpose jurisdiction in South Carolina; rather, Serleep seeks to hold Purple accountable here for the consequences of its forum-directed conduct related to this dispute."). This Court considers whether it can properly exercise specific personal jurisdiction over Defendants.

#### A.  Purposeful Availment

"The purposeful availment inquiry is grounded on the traditional due process concept of minimum contacts, which itself is based on the premise that a corporation that enjoys the privilege of conducting business within a state bears the reciprocal obligation of answering to legal proceedings there." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014) (citation and internal quotation marks omitted). "Thus, in determining whether a foreign defendant has purposefully availed itself of the privilege of conducting business in a forum state, we ask whether the defendant's conduct and connection with the forum state are such that he should

5

reasonably anticipate being haled into court there." *Id.* (citation and internal quotation marks omitted). "[C]ourts have examined several nonexclusive factors in examining purposeful availment: (1) whether defendant maintains offices or agents in the forum state; (2) whether defendant owns property in the forum state; (3) whether defendant reached into the forum state to solicit or initiate business; (4) whether defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether defendant made in-person contact with the resident in the forum state regarding the business relationship; (7) the nature, quality, and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum." *Id.* (citing *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009)).

Purple does not maintain offices or agents in South Carolina or own property in South Carolina. (Dkt. No. 11-1, ¶ 11). The Parties have not contracted in South Carolina (nor elsewhere) or selected the law of South Carolina to govern disputes. As a result, the Court must examine whether Purple's business activities in South Carolina—which Plaintiff characterizes as "placing its goods into dozens of South Carolina stores," "operat[ing] an interactive e-commerce website through which South Carolina residents can purchase Purple's products for delivery to South Carolina," and "conduct[ing] marketing and advertising campaigns that reach South Carolina consumers"—subject it to this Court's specific personal jurisdiction. (Dkt. No. 15 at 4-6).

The mere fact that Purple's products are sold in South Carolina and its advertising campaigns reach South Carolina customers cannot support a finding that Defendants have purposefully availed themselves of conducting business in the State. As the United States Supreme Court explained in *Asahi Metal Industry v. Superior Court of California*:

6

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

480 U.S. 102, 112 (1987). And "[i]n an age of modern advertising and national media publications and markets, plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction." *Giangola v. Walt Disney World Co.*, 753 F.Supp. 148, 156 (D.N.J. 1990). Plaintiff does not allege that Purple advertised in a targeted, location-specific manner—only that "[a]s a national company, Purple conducts marketing and advertising campaigns that reach South Carolina consumer." (Dkt. No. 15 at 5). In sum, Plaintiff seeks to rely on the fact that Purple's products are sold and marketed nationwide as a basis for haling Purple into court in South Carolina. On Plaintiff's logic, Purple could be sued anywhere in the United States, simply because it is a nationwide distributor of products. But that is not the law of specific personal jurisdiction.

Further, courts have recognized that the "mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" U.S. v. Step Two S.A.*, 318 F.3d 446, 454 (3d Cir.2003). The Fourth Circuit has "adopted the 'sliding scale' model articulated in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), to help determine when a defendant's online activities are sufficient to justify the exercise of personal jurisdiction." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352–53 (4th

Cir. 2020).  In "adopting and adapting the *Zippo* model, [the court] conclude[d] that a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002).  The Fourth Circuit subsequently cautioned that, "Regardless of where on the sliding scale a defendant's web-based activity may fall, however, [w]ith respect to specific jurisdiction, the touchstone remains that an out-of-state person have engaged in some activity *purposefully directed* toward the forum state ... creat[ing] a substantial connection with the forum state.'" *UMG Recordings*, 963 F.3d at 352-53 (internal citations omitted).

    Even assuming that the fact that Purple has made its products available for purchase to South Carolina residents via an e-commerce platform constitutes purposeful availment of the forum, the Court finds no link between the activity underlying Plaintiff's claims—Purple's communication to the Home Depot alleging infringement by Plaintiff—and South Carolina.  "The second prong of the test for specific jurisdiction—that the plaintiff's claims arise out of the activities directed at the forum—requires that the defendant's contacts with the forum state form the basis of the suit." *Consulting Eng'rs Corp.*, 561 F.3d at 278–79.  "[T]he nature of the claim in a declaratory judgment action is to clear the air of infringement charges." *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (cleaned up).  "Such a claim neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Id.* "The relevant inquiry for specific

personal jurisdiction purposes then becomes to what extent has the defendant patentee purposefully directed such enforcement activities at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities." *Id.* (cleaned up); *accord J.M. Smucker Co. v. Hormel Food Corp.*, 526 F. Supp. 3d 294, 302 (N.D. Ohio 2021) (applying Avocent to trademark claims).  *See also Nat'l Beverage Screen Printers, Inc. v. DALB, Inc.*, No. 1:16-CV-03850-JMC, 2018 WL 2718035, at *4 (D.S.C. June 6, 2018) ("[I]n the context of a declaratory judgment action for noninfringement of a patent [t]he relevant inquiry for specific personal jurisdiction purposes [is] to what extent has the defendant patentee purposefully directed [ ] enforcement activities at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities.").

Plaintiff's theory is that "this declaratory judgment action arises directly out of Purple's forum-related contacts, because Purple's enforcement of its trademark rights (which it exploits in the South Carolina market) foreseeably caused injury to Serleep in South Carolina – especially since Purple knew or should have known that Serleep operates out of South Carolina." (Dkt. No. 15 at 3).  In other words, Plaintiff's argument appears to be that, because it is based in South Carolina, any litigious action against it will have effects in South Carolina and thus the courts of this state are a proper forum.  Plaintiff further explains that "Purple's assertion of its trademark rights in a manner that impacted Serleep's ability to sell products, including in South Carolina" produced "the harm—lost sales and business opportunities—. . . in South Carolina, where Serleep's operations are based and where its customers were purchasing the affected products." (*Id.* at 8).  But the enforcement activity undertaken by Defendants—the letter to The Home Depot—was not directed towards residents of this forum, and thus does not implicate the jurisdiction of this Court.  Plaintiff does not refute that Defendants took no enforcement action

directed towards South Carolina, and instead hinges its case on a single communication by Purple to The Home Depot (a Washington corporation with a California mailing address). Even assuming that Plaintiff made a prima facie showing that Purple purposefully availed itself of the privilege of conducting business within South Carolina, it has failed to draw a connection between Purple's contacts with the state and the basis of the suit. As a result, the Court finds that it does not have specific jurisdiction over Plaintiff's claims and dismisses the case without prejudice.

## IV. Conclusion

In light of the foregoing, Defendants' motion to dismiss is **GRANTED**. (Dkt. No. 11). Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

April 29, 2025
Charleston, South Carolina