# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| American Serleep, Inc., <br><br> Plaintiff, <br> v. <br><br> Purple Innovation Inc, <br> Purple Innovation LLC, <br><br> Defendants. | Case No. 2:25-cv-248-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is Defendants' motion for attorney fees. (Dkt. No. 27). Plaintiff opposes the motion (Dkt. No. 32), and Defendants replied (Dkt. No. 33). For the reasons set forth below, the Court denies Defendants' motion.

### I. Background

Plaintiff sought a declaratory judgment of non-infringement from this Court, alleging that Defendants falsely notified The Home Depot that Plaintiff's mattress products listed on the company's website infringed Defendants' trademark. (Dkt. No. 1, ¶¶ 22-23). This Court granted Defendants' motion to dismiss on April 29, 2025, finding that it did not have jurisdiction over Plaintiff's Lanham Act claim where Plaintiff did not plausibly allege a connection between the forum and the alleged conduct. (Dkt. No. 25). Defendants subsequently moved for an award of attorney fees on May 14, 2025. (Dkt. No. 27).

### II. Legal Standard

"The recovery of attorney's fees is governed by the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *SIB Dev. & Consulting, Inc. v. Save Mart Supermarkets*, 271 F. Supp. 3d 832, 833 (D.S.C. 2017) (internal

quotations and citations omitted).  The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated*." Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  The Fourth Circuit has explained:

> A district court may find a case "exceptional" and therefore award attorneys fees to the prevailing party under § 1117(a) when it determines, in light of the totality of the circumstances, that (1) there is an unusual discrepancy in the merits of the positions taken by the parties . . . based on the non-prevailing party's position as either frivolous or objectively unreasonable . . . (2) the non-prevailing party has litigated the case in an unreasonable manner . . . or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

*Georgia-Pac. Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015), *as amended* (Apr. 15, 2015) (internal citation and quotation marks omitted).

### III.  Discussion

The Court does not find that an award of attorney fees to Defendants is warranted in this case.  While this Court did grant Defendants' motion to dismiss Plaintiff's case, the Court disagrees that such dismissal makes this an exceptional case.  The Court dismissed Plaintiff's case on jurisdictional grounds, finding that it would be improper to exercise specific jurisdiction over Plaintiff's claims based on the mere facts that Plaintiff was based in South Carolina and that Defendants advertised and distributed their products into the stream of commerce in South Carolina. (Dkt. No. 25).  However, the Court does not find that Plaintiff's claims were frivolous or objectively unreasonable. *Georgia Pac.*, 781 F.3d at 721.  Nor did Plaintiff litigate its case in an unreasonable manner by seeking a declaratory judgment of non-infringement in its domicile on

2

the grounds that any harm to Plaintiff would be felt in South Carolina. Because this is not an "exceptional" Lanham Act case pursuant to which the Court may award attorney fees, the Court denies Defendants' motion.

## IV.  Conclusion

In light of the foregoing, Defendants' motion for attorney fees is **DENIED**.

**AND IT IS SO ORDERED.**

                                              s/ Richard M. Gergel
                                              Richard Mark Gergel
                                              United States District Judge

June 6, 2025
Charleston, South Carolina